# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT ALLEN (#153680)**         **CIVIL ACTION**

**VERSUS**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY**      **NO. 15-0408-BAJ-RLB**
**AND CORRECTIONS**

## O R D E R

On or about June 22, 2015, the *pro se* petitioner, an inmate then confined at the Allen Correctional Center ("ACC"), Kinder, Louisiana, filed a hand-written "Habeas Corpus" application, apparently pursuant to 28 U.S.C. § 2241, complaining that he has not been given appropriate credit – against his criminal sentence – for time spent in confinement after his arrest in Illinois for absconding from his supervised release.

Pursuant to correspondence dated July 15, 2015 (R. Doc. 3), the petitioner was directed to re-submit his habeas corpus application on the Court's approved form within twenty-one (21) days. A blank copy of the Court's approved form was attached to the referenced correspondence. The Court's correspondence further specifically advised the petitioner that "failure to amend the pleadings and/or provide the requested forms or information as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

A review of the record by the Court reflects that despite notification of the need to resubmit his habeas corpus application in proper form within twenty-one (21) days, the petitioner has failed to respond as directed. It further appears, however, that the petitioner may not have received the Court's correspondence at ACC because the correspondence was returned to the Court with a notation on the returned envelope indicating that the petitioner was no longer

```
R. Allen-USPS
```

confined at that facility.  *See* R. Docs. 4 and 5.  Whereas the petitioner has now submitted to the Court a copy of his original deficient hand-written "Habeas Corpus" pleading, *see* R. Doc. 6, and whereas the petitioner asserts, in doing so, that he is complying with correspondence that he received from the Court, there is some ambiguity in the petitioner's submission because he specifically refers to correspondence dated "7/27/2015" whereas the Court's deficiency notice was dated July 15, 2015.  *See* R. Doc. 6-2.  Accordingly, although the petitioner's pleadings continue to be deficient, the Court concludes, in the interest of justice, that it is appropriate to afford the petitioner another opportunity to amend his application as instructed by the Court.  Therefore,

**IT IS ORDERED** that the Clerk of Court is directed to re-send to the petitioner, at his new record address, a copy of the Court's deficiency notice dated July 15, 2015 (R. Doc. 3), with attachments.

**IT IS FURTHER ORDERED** that the petitioner is hereby granted an extension of time of fourteen (14) days from the date of this Order within which to comply with the referenced deficiency notice and re-submit his application on the Court's approved form.  The petitioner is again advised that a failure to comply with the Court's directive within the time allowed will result in the dismissal of this proceeding by the Court without further notice.

Signed in Baton Rouge, Louisiana, on September 11, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**